UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMANTHA MARTINEZ, | Civil Action No. 21-11111-SDW-AME |
| Plaintiff, | OPINION and ORDER |
| v. | |
| CITY OF UNION CITY, et al., | |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

This matter is before the Court on the motion by Plaintiff Samantha Martinez ("Plaintiff") for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) and (d) [D.E. 92]. Defendant City of Union City ("Union City") opposes the motion.[1] The Court has considered this motion based on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's motion is denied.

**I.    BACKGROUND**

Plaintiff filed this employment discrimination action on May 12, 2021, asserting claims under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-21 *et seq.* for alleged hostile work environment and retaliation in connection with her job as an officer with the Union City Police Department.[2] According to the original Complaint, the incidents giving rise to this lawsuit occurred from approximately February 2020 through April 2021. *See generally* Compl. [D.E. 1].

---

[1] Defendant Lieutenant Matulewicz takes no position on this motion. However, where appropriate, this Opinion refers to Union City and Lieutenant Matulewicz collectively as "Defendants."

[2] A synopsis of the factual and procedural background of this case is set forth in the Court's October 26, 2023 Opinion and Order [D.E. 70], issued in connection with Plaintiff's motion for leave to file a Second Amended Complaint. That detailed summary is not repeated here.

On November 1, 2023, with leave of Court, Plaintiff filed a Second Amended Complaint, which added factual allegations concerning two claimed incidents of workplace retaliation and misconduct occurring on May 21, 2021, and June 1, 2021, respectively.[3] *See* Second Am. Compl., ¶¶ 127-139 [D.E. 71].

Fact discovery, which had been set to conclude on November 2, 2024, was extended to January 9, 2024, but only for the purpose of pursuing the limited, additional discovery pertinent to Plaintiff's newly added allegations. *See* Nov. 16, 2023 Order [D.E. 75]. After granting a further, brief extension to complete such discovery, the Court scheduled a settlement conference, which the parties wished to pursue before commencing expert discovery. *See* Jan. 10, 2024 Order [D.E. 79]. The March 26, 2024 settlement conference failed to result in a negotiated resolution.

On April 19, 2024, Plaintiff filed this motion, seeking leave to further amend the operative pleading to include facts relating to additional incidents of alleged retaliation. As set forth in the proposed Third Amended Complaint those additional incidents consist of (1) an "unscheduled Employee Evaluation Review" conducted by Sergeant Vega on March 13, 2024, in which Plaintiff received multiple unsatisfactory ratings, a circumstance Plaintiff contends is extremely rare and, in her case, unwarranted; and (2) various, albeit mostly unspecified, Internal Affairs complaints filed "in the time leading up to Plaintiff's unscheduled [employment] review," including a complaint concerning a December 2023 event Plaintiff maintains she

---

[3] Although Plaintiff's motion for leave to file a Second Amended Complaint was brought long after the time to amend pleadings had expired, the Court found good cause to relax that deadline "by the barest margin." *See* Op. at 9 [DE 70]. The Court concluded that, although fact discovery was nearly complete, the limited nature of the additional allegations, which pertained to incidents close-in-time to those already set forth in the Complaint, indicated Defendants would not be prejudiced under the liberal standard of Rule 15(a)(2). *See id.* at 14.

attended in her capacity as a civilian. *See* Third Am. Compl. ¶¶ 140-49 [DE 92-1]. Union City opposes the motion based on Plaintiff's failure to demonstrate good cause for filing this belated motion to amend, as required by Rule 16(b)(4), and on grounds that amendment would be prejudicial, unduly dilatory, and futile and thus contrary to the applicable Rule 15 standard.

## II.   DISCUSSION

Generally, under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(d), which governs the supplementation of pleadings, states that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). However, under either subsection of Rule 15, a court retains discretion to deny leave for various equitable reasons, including futility of the amendment, a party's undue delay in seeking leave to amend, prejudice to the non-moving party, and bad faith. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202-03 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 360-61 (D.N.J. 2000). In considering a motion for leave to amend, the Court is guided by the Third Circuit's consistent recognition "that prejudice to the non-moving party is the 'touchstone for the denial of an amendment.'" *Arthur*, 434 F.3d at 204 (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).

Because Plaintiff's motion was filed two years after the Court-ordered deadline for moving to amend pleadings, April 20, 2022, the Court must first determine whether there is good cause under Rule 16(b)(4) for considering her request, before proceeding to a Rule 15 analysis. *See Duran v. Merline*, 923 F. Supp. 2d. 702, 732 (D.N.J. 2013) (holding "where the Court-

ordered deadline for filing an amended pleading has passed, the party seeking to amend the pleading must first show "good cause" to justify a modification of the scheduling order under Rule 16(b)(4)"). Under Rule 16(b)(4), a schedule set by a court's case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The burden is on the moving party to demonstrate good cause exists for a motion to amend out-of-time. *Duran*, 923 F. Supp. 3d at 732. Whether there is good cause primarily focuses on whether the moving party has acted with diligence, *see Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010), but the inherently factual nature of the good cause inquiry means it "necessarily varies with the circumstances of each case." *Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*, No. 16-3620, 2019 WL 11270470, at *2 (D.N.J. June 12, 2019) (quotation omitted).

Here, the Court finds Plaintiff has failed to demonstrate good cause for consideration of this motion out of time. Plaintiff filed this motion two years after the time to seek leave to amend expired yet makes no effort to establish that good cause exists for the Court to modify that deadline and evaluate this motion on its merits. Plaintiff's motion ignores the Rule 16(b)(4) standard altogether, notwithstanding the Court's discussion in its October 26, 2023 Opinion, which made clear that a demonstration of good cause was essential to proceeding with any late motion for leave to amend. Indeed, Rule 16's requirement that a deadline for amending pleadings be set in the pretrial scheduling order is meant "to assure that at some point … the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment). The further expansion of the factual parameters of this action, after fact discovery has concluded, threatens to undermine the purpose of that deadline. Moreover, even if Plaintiff were to contend that she

acted with diligence in filing this motion shortly after the March 2024 employment evaluation and the largely unspecified Internal Affairs complaints filed in the months before that evaluation, the Court is not persuaded that, at this advanced stage of the proceedings, there is good cause to permit yet another enlargement of the facts at issue in the Complaint. This concern is particularly significant where those additional factual allegations are temporally remote from the core incidents in 2020 and 2021, which give rise to Plaintiff's claims.

The Court additionally finds that, had good cause been established as required by Rule 16(b)(4), leave to amend or supplement the operative pleading is not justified under Rule 15 because of the undue prejudice to Defendants that would result from filing Plaintiff's proposed Third Amended Complaint. Undue prejudice focuses on the hardship of the proposed amendment on the opposing party. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). An amendment may be unduly prejudicial if it "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (holding a court may find prejudice warrants denying a Rule 15 motion if the proposed amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute"). Those indicia of prejudice are present here, where the amendment sought by Plaintiff would require a reopening of already protracted fact discovery, impose significant expense on Defendants, and further delay the resolution of this action.

By the time Plaintiff filed this motion, fact discovery had definitely closed, even considering the extended deadlines afforded by the Court for the sole purpose of accommodating discovery on the factual allegations added by Plaintiff in her Second Amended Complaint. The parties had engaged in Court-facilitated settlement discussions in a conference scheduled at their request before proceeding to expert discovery. When the action failed to reach a negotiated resolution at that conference, the Court directed that an expert discovery schedule be submitted. Although Plaintiff had, days before the settlement conference, raised the possibility of seeking leave to amend, she and Defendants proceeded to confer on a schedule for expert discovery and jointly submitted a proposed order. It was not until after that expert discovery schedule was entered, and the Court entered an order deeming her request to file a motion to amend waived, that Plaintiff clarified she wished to file the motion.

Granting leave at this late stage in the litigation would require a costly and disruptive reopening of fact discovery to explore the additional incidents Plaintiff claims are continued unlawful acts of retaliation by Union City. Given the lapse of over two years between the incidents alleged in the Second Amended Complaint, such additional discovery would unduly expand this action, impose significant expenses on Defendants, and threaten to burden Court resources in managing such discovery, particularly in view of the scope of the new factual allegations and the parties' previous history of discovery disputes in this action. Moreover, the amendment now sought by Plaintiff would also further delay resolution of this already three-year-old action, which, at the time this motion was filed, had reached the expert discovery phase and was thereafter poised to move forward to resolution through dispositive motion or trial.

Thus, in its discretion, the Court concludes that the equitable consideration of undue prejudice warrants denial of Plaintiff's motion for leave to file a Third Amended Complaint.[4]

### III. ORDER

For the foregoing reasons,

**IT IS** on this 24th day of May 2024,

**ORDERED** that Plaintiff's motion for leave to file a Third Amended Complaint [D.E. 92] is **DENIED**.

        /s/ *André M. Espinosa*
        ANDRÉ M. ESPINOSA
        United States Magistrate Judge

---

[4] In concluding that leave to amend must be denied here, the Court does not opine on the viability of a new action by Plaintiff based on her additional, proposed allegations of recent unlawful conduct by Union City. However, to the extent Plaintiff wishes to seek redress for such alleged wrongdoing, she has failed to demonstrate that she should be given leave to do so in this action.