**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 22, 2025

Helene C. Herbert
Herbert & Weiss, LLP
162 Engle Street
Englewood, NJ 07074
*Counsel for Plaintiff*

Lauren Mary Paxton
Calgani & Kanefsky LLP
One Newark Center
1085 Raymond Boulevard
14th Floor
Newark, NJ 07102
*Counsel for Defendants*

Richard Spatola
Calgani & Kanefsky LLP
One Newark Center
1085 Raymond Boulevard
14th Floor
Newark, NJ 07102
*Counsel for Defendant City of Union City*

Scott A. Ohnegian
Riker, Danzig, Scherer, Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
*Counsel for Defendant Lieutenant Matulewicz*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:  *Samantha Martinez v. City of Union City, et al.*, Civ. No. 21-11111 (SDW) (AME)

Counsel:

Before this Court is Plaintiff Samantha Martinez's ("Plaintiff") Appeal of Magistrate Judge André M. Espinosa's ("Judge Espinosa") Opinion and Order dated May 24, 2024 ("May 24 Order"). (D.E. 96, 98.) This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons set forth herein, Ms. Martinez's Appeal is **DENIED** and Judge Espinosa's May 24 Order is **AFFIRMED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

On May 12, 2021, Plaintiff filed the instant action alleging employment discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-21 *et seq.* by Defendants the City of Union City ("the City") and Lieutenant Matulewicz (collectively "Defendants"). (D.E. 1.) The facts underlying Plaintiff's initial Complaint spanned from approximately February 2020 through April 2021. (*See generally* D.E. 1.) On consent, Plaintiff filed an Amended Complaint on May 26, 2022. (D.E. 38.)

On October 26, 2023, Judge Espinosa issued an opinion and order granting Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC") to "add factual allegations concerning two further incidents of alleged harassment and/or retaliation." (D.E. 70 at 6.) First, Judge Espinosa found Plaintiff demonstrated sufficient good cause, albeit "by the barest margin," to satisfy Rule 16(b)(4). (*Id.* at 9.) Then he determined that Plaintiff met the standard under Rule 15 for filing her SAC. (*Id.* at 14.) Judge Espinosa noted that granting Plaintiff leave "stretche[d] the liberal standard of Rule 15(a) to its outer boundary," given that the factual allegations Plaintiff sought to add were known to her "since the earliest stages of this lawsuit."[1] (*Id.*) Shortly thereafter, Plaintiff filed her SAC on November 1, 2023. In order to accommodate discovery for Plaintiff's newly added allegations, Judge Espinosa extended fact discovery from November 2, 2023 to January 9, 2024. (D.E. 65, 75.) He then extended the deadline to February 23, 2024. (D.E. 79.) On March 26, 2024, Judge Espinosa held a settlement conference, at the behest of the parties, which proved to be unfruitful. (D.E. 79.)

Less than a month later, Plaintiff filed a Motion for Leave to File a Third Amended Complaint ("TAC") ("Motion") which sought to add factual allegations concerning retaliatory incidents occurring "in the time leading up to Plaintiff's unscheduled [employment] review,"

---

[1] The additional factual allegations occurred on May 21, 2021 and June 1, 2021, respectively. (*Id.* at 6–8.)

which took place on March 13, 2024 ("the 2024 events"). (D.E. 92; D.E. 92-1 ("TAC") ¶¶ 140, 145–49.) In the TAC, Plaintiff contends her "poor performance Evaluation"—the first in Plaintiff's eleven-year tenure with the City—is yet another retaliatory action against her for instituting litigation against Defendants. (TAC ¶¶ 139–44.) The City opposed Plaintiff's Motion. (D.E. 95.)

On May 24, 2024, Judge Espinosa issued an Opinion and Order denying Plaintiff's Motion. (D.E. 96.) Given that Plaintiff moved to file the TAC two years after the Court-ordered deadline for moving to amend pleadings, Judge Espinosa first considered whether there was good cause to grant Plaintiff's request under Rule 16(b)(4). (D.E. 96 at 3–4.) Judge Espinosa concluded Plaintiff did not demonstrate good cause meriting the expansion of the facts at issue, particularly since Plaintiff's proposed factual allegations "are temporally remote from the core incidents in 2020 and 2021, which give rise to Plaintiff's claims." (*Id.* at 4–5.) Judge Espinosa also noted granting Plaintiff's Motion would threaten to undermine the purpose of this Court's Rule 16 deadline. (*Id.* at 4.)

Nevertheless, Judge Espinosa concluded that even if Plaintiff met the good cause standard, she failed to meet the Rule 15 standard. (*Id.* at 5.) The two-year gap between the incidents alleged in the SAC and the TAC, Judge Espinosa reasoned, would "require a costly and disruptive reopening of fact discovery." (*Id.* at 6.) Such an expansion at this late stage in the litigation would unduly prejudice Defendants by imposing significant expenses and delaying the resolution of this matter, and would also burden Court resources. (*Id.*) Judge Espinosa noted the denial of Plaintiff's Motion was not indicative of the viability of a new action premised on the new events, should Plaintiff choose to pursue one. (*Id.* at 7 n.4.) Given that Plaintiff did not meet either the standard under Rules 16 or 15, Judge Espinosa denied the Motion. (*Id.* at 7.)

Plaintiff appealed Judge Espinosa's decision; the City timely opposed. (D.E. 96, 98.) For lack of timeliness, this Court will not consider Plaintiff's Reply Brief.[2] *See* L. Civ. R. 7.1(d)(7) ("The Court may reject any brief or other paper not filed within the time specified.").

## II.    STANDARD OF REVIEW

Magistrate judges may hear non-dispositive motions, such as a Rule 15 motion, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). The parties may appeal within fourteen days of being served with a copy of the magistrate judge's order. Fed. R. Civ. P. 72(a). On appeal, "the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Nevertheless, the magistrate judge's determination is entitled to great deference, *see Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000), with the movant bearing the burden of showing the ruling was clearly erroneous or contrary to law, *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

---

[2] Plaintiff appealed Judge Espinosa's May 24 Order on June 10, 2024. (D.E. 98.) Defendants timely opposed on July 1, 2024. (D.E. 101.) Plaintiff's Reply was due on or by July 8, 2024, L. Civ. R. 7.1(d)(3), but was filed on July 12, 2024, (D.E. 103).

A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see Andrews*, 191 F.R.D. at 68 ("A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."). A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

## III. DISCUSSION

Plaintiff asks this Court to reverse Judge Espinosa's decision because it is clearly erroneous. (D.E. 98-1 ("Mov. Br.") at 19.) Plaintiff argues that although she did not have a separate heading addressing Rule 16's good cause standard, she "clearly set out good cause throughout her brief." (*Id.* at 20.) Plaintiff asserts that she acted diligently because one day after experiencing the unexpected employment review, she submitted a letter to Judge Espinosa indicating she would move to supplement her Complaint. (*Id.*) Regarding Rule 15, Plaintiff argues that if she were to bring a separate lawsuit to assert the claims premised on the 2024 events, this Court and the parties would expend more time and resources and there would be a long delay, as opposed to a "slight" delay if her Motion were granted. (*Id.* at 21–22.)

Rule 15(a) permits a party to amend their pleadings once as a matter of course. Thereafter, a party may only amend with either written consent of the adverse party or with leave of court. Fed. R. Civ. P. 15(a)(2). When the period for amending a pleading under Rule 15 has expired, the court first looks to Rule 16 to determine whether there is good cause to extend the Rule 15 deadline. *Staff4jobs, LLC v. List Logistics, LLC*, No. 18-13399, 2021 WL 9667967, at *2 (D.N.J. Nov. 23, 2021); *see Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014) ("Only once the party has shown sufficient 'good cause' to amend the Rule 16 Order to extend the deadline will the [c]ourt evaluate the proposed amendment under Rule 15(a)."). Rule 16(b)(4) requires good cause and the judge's consent to modify a scheduling order. The good cause inquiry turns on the movant's diligence. *Staff4jobs*, 2021 WL 9667967, at *2. "A [m]agistrate [j]udge has the discretion to decide what kind of showing the moving party must make to satisfy" the good cause requirement. *Id.*

Unless the court finds "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment," it must freely grant leave to amend under Rule 15. *Korrow*, 300 F.R.D. at 219. A delay becomes undue "when its accommodation creates an 'unwarranted burden on the court . . . [and] unfair burden on the opposing party.'" *Id.* (alterations in original) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). Prejudice "must be 'undue' and rise to such a level that the non-moving party would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence.'" *Id.* (quoting *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). When considering undue prejudice, the court considers the resultant hardship on the non-moving party if the request is granted. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). More specifically, the court considers "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new

facts or new theories." *Id.* If the movant cannot demonstrate "good cause," the court will deny the motion and will not proceed to a Rule 15 analysis.

      Here, Plaintiff clearly failed to address Rule 16's good cause standard. That alone afforded Judge Espinosa grounds to deny Plaintiff's Motion. *See Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011) ("If the movant cannot demonstrate "good cause," the court will deny the motion and will not proceed to a Rule 15 analysis."). Even so, Judge Espinosa considered whether this Court should grant leave to amend under Rule 15. Judge Espinosa's findings that granting Plaintiff leave would result in undue prejudice to Defendants and undue delay affecting both the litigants and this Court were not clearly erroneous. Throughout the history of this case this Court has afforded Plaintiff several opportunities to amend her complaint and has routinely extended fact discovery deadlines to accommodate said amendments. Allowing Plaintiff to amend at this juncture would be inappropriate for multiple reasons. First, over two years have elapsed since the filing of the SAC. *See Cureton*, 252 F.3d at 273 ("Delay may become undue when a movant has had previous opportunities to amend a complaint."). Despite Plaintiff notifying this Court of her intentions to file a TAC, the 2024 events also involve different parties and concern issues Plaintiff is experiencing as a supervisor, whereas the allegations in this matter concern her employment as a patrol officer. Ultimately, in reviewing Judge Espinosa's decision, this Court is not "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573.

### IV.   <u>CONCLUSION</u>

      For the foregoing reasons, Judge Espinosa's May 24, 2024 Order denying Plaintiff leave to file a Third Amended Complaint is **AFFIRMED**.

                                                     /s/ Susan D. Wigenton
                                     **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        André M. Espinosa, U.S.M.J.